# LAW OFFICES OF ERIC J. GRANNIS

11 Broadway, Ste. 615• New York, New York 10004
Phone: (212) 903-1025 • www.grannislaw.com

**Eric J. Grannis**
Phone: (212) 903-1025
egrannis@grannislaw.com

July 22, 2022

<u>BY EMAIL</u>

The Honorable John P. Cronan
Daniel Patrick Moynihan United States Courthouse
500 Pearl St.
New York, NY 10007-1312
CronanNYSDChambers@nysd.uscourts.gov

    Re:  Sentencing of Seth Andrew (22-cr-00032)

Dear Judge Cronan:

I am writing concerning the sentencing of Seth Andrew. I am doing so because I came across an article about his case this morning and I strongly believe that it would be unjust to sentence Mr. Andrew to prison. I was not asked by Mr. Andrew, his attorneys or anyone else to write this letter nor has anyone reviewed it or had any input into its content.

I am an acquaintance of Mr. Andrew's but not a friend. I think I have met him twice, the last time about ten years ago. We have never socialized together. I met Mr. Andrew because I do a lot of pro bono work for charter schools, although never for Mr. Andrew. A while back, Mr. Andrew took a position regarding a charter school issue known as "backfilling" that I thought was unhelpful and incorrect. All of this is to say that I'm not biased in Mr. Andrew's favor and would not be troubled by his serving a jail sentence if I thought he deserved it. I am writing this letter because I thought it might be helpful to the Court to get the perspective of someone who doesn't have any particular bias for or against Mr. Andrew.

When I first read about the charges against Mr. Andrew, I was shocked. I couldn't believe that Mr. Andrew would steal money just to get some small reduction on his home mortgage. I knew that he could be arrogant and headstrong, but greed seemed totally out of character for him. I just couldn't understand it.

Having read an article about the filings by Mr. Andrew's attorneys, I now believe that my initial reaction was correct. I didn't believe then that he would have stolen money for the purpose of reducing his mortgage interest rate and I don't believe it now. The explanation that Mr. Andrew's attorneys have given makes much more sense to me. Although my dealings with Mr. Andrew were limited, he is someone whose nature is readily apparent and he is deeply idealistic and zealous, a real "true believer." I am therefore convinced that his primary goal in taking these funds was to put them to what he believed was good use, not to reduce his interest rate on his mortgage or for any other personal benefit. Of course, one isn't simply allowed to steal funds

The Honorable John P. Cronan               2                    July 22, 2022

from one non-profit and give them to another non-profit, but that is profoundly different from stealing funds for one's personal benefit.

I greatly respect the work of the prosecutors in the Southern District and I appreciate that in our adversary system, their role is to make the case for punishment. Nonetheless, I am convinced they are wrong in saying that Mr. Andrew "stole this money to further his own interests" unless his "interests" include advancing the causes for which he has long fought, including improving the education for disadvantaged children.

Obviously, what Mr. Andrew did was still illegal and the Court will have to decide what sort of punishment is appropriate given considerations such as the need for deterrence. In my personal opinion, those goals will be achieved without a prison term. I also believe that Mr. Andrew's misconduct must be weighed against his tremendous contributions to the cause of urban education over the course of nearly two decades.

                                                                      Very Truly Yours,

                                                                      Eric Grannis

Copy (by email):   Ryan.Finkel, Esq. (Ryan.Finkel@usdoj.gov)
                      Edward Young Kyu Kim, Esq. (edward.kim@kklllp.com)